**Abolala SOUDAVAR, Appellant,**

v.

**ISLAMIC REPUBLIC OF IRAN and Sazman-e Gostaresh Nowsazi-ye Sanaye, Iran, Appellees.**

**No. 02–7130.**

United States Court of Appeals, District of Columbia Circuit.

June 10, 2003.

Rehearing En Banc Denied Aug. 7, 2003.

Before EDWARDS, SENTELLE, and GARLAND, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed.

R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

ORDERED AND ADJUDGED that the district court's judgment filed September 25, 2002, be affirmed on the ground that the district court lacked subject matter jurisdiction. Appellant brought suit against appellees, the Islamic Republic of Iran and the Sazman-e Gostaresh va Now-sazi-ye Sanaye Iran (collectively, "Iran"), seeking compensation for the 1979 nationalization of his property in Iran. Appellant alleged that subject matter jurisdiction existed under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602, *et seq.*, and the Treaty of Amity, Economic Relations, and Consular Rights Between the United States of America and Iran, Aug. 15, 1955, 8 U.S.T. 899 ("Treaty of Amity"). The third clause of the FSIA's "commercial activity" exception states that a foreign state is not immune in an action based upon an act outside the United States in connection with a "commercial activity" of the foreign state elsewhere that causes a "direct effect" in the United States. 28 U.S.C. § 1605(a)(2), cl. 3. Iran's 1999 compensation offer does not have a "direct effect" in the United States because appellant rejected the offer, and Iran has not assumed any obligation to make payments in the United States. *See Republic of Argentina v. Weltover*, 504 U.S. 607, 619, 112 S.Ct. 2160, 119 L.Ed.2d 394 (1992). In addition, Articles III and IV of the Treaty of Amity do not satisfy the treaty exception to the FSIA because the treaty does not "expressly conflict" with the FSIA. *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 442, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989); *Foremost–McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 452 (D.C.Cir.1990), *cert. denied, Islamic Republic of Iran v. McKesson Corp.*, 516 U.S. 1045, 116 S.Ct. 704, 133 L.Ed.2d 660 (1996).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.